# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY MAE BOOTH,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JEAN M. HEINZ, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 21-cv-01216-BAS-WVG<br><br>**ORDER GRANTING THE UNOPPOSED MOTION TO DISMISS BY DEFENDANTS MARK D. FEINBERG, JEAN M. HEINZ, HEINZ & FEINBERG ATTORNEYS AT LAW (ECF No. 3)** |

　　For the third time, Plaintiff Tammy Mae Both brings an action seeking monetary damages from Defendants Mark D. Feinberg, Jean M. Heinz, Heinz & Feinberg Attorneys at Law. (ECF No. 1.) Her two previous actions were dismissed without prejudice, each time because of her noncompliance with the Federal Rules of Civil Procedure and Local Civil Rule. (Order, *Booth v. Kane et al.*, 3:20-cv-02543-GPC-KSC, ECF No. 8; Order, *Booth v. Feinberg et al.*, 3:21-cv-01216-BAS-WVG, ECF No. 5.)

On July 6, 2021, Booth filed the present action against Defendants, raising copyright infringement claims that are substantially identical to the ones raised before. On July 27, 2021, Defendants moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), noticing August 30, 2021, as the hearing date. (ECF No. 3.) Plaintiffs' deadline to file the opposition was August 16, 2021. Civ. L.R. 7.1(e). No opposition was filed.

Civil Local Rule 7.1(e)(2) provides that a party opposing a motion must file either an opposition or a statement of non-opposition no later than fourteen calendar days prior to the noticed hearing date. If a party fails to comply with this rule, "that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Civ. L.R. 7.1(f)(3)(c). The Ninth Circuit has held that a district court may properly grant a motion to dismiss for failure to respond pursuant to the court's local rules. *See Ghazali v. Moran*, 46 F.3d 52, 52 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Furthermore, even though federal courts will construe pleadings liberally in their favor, "pro se litigants are bound by the rules of procedure." *Ghazali*, 46 F.3d at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)).

Here, the record does not indicate that Plaintiff lacks notice of Defendants' motion to dismiss. Plaintiff's deadline to respond has passed, yet she has not responded to the motion. Because Plaintiff was made aware of the motion and had ample time to respond to it, the Court deems Plaintiff's failure to oppose Defendant's motion as consent to granting it. Civ. L.R. 7.1(f)(3)(c). The Court's own review of the record also supports dismissing Plaintiff's Complaint. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 3) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

This is Plaintiff's third attempt at litigating her claim against Defendants, yet she has again failed to comply with the Federal Rules of Civil Procedure and the Local Civil Rules.

Thus, the Court **ORDERS** that any future complaint involving the same events or the parties must be filed in this case. If Plaintiff files a new case in violation of this Order, the Court will summarily dismiss such action with prejudice for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Stone v. City of Tucson,* 249 F.R.D. 326, 327 (D. Ariz. 2008).

**IT IS SO ORDERED.**

**DATED: August 27, 2021**

Hon. Cynthia Bashant
United States District Judge